ELIJAH THAYER & *al. vs.* WILLIAM H. MILLS.

Proof that when a demand of payment was made, the defendant " did not deny the note ; he said, he could not pay it; he said, he was poor, and could not pay it," is not sufficient to take the note out of the operation of the statute of limitations.

*Assumpsit* on a note of hand, dated *Nov.* 10, 1828, for $50,57 in six months and grace, payable to *J. B. Osborne*, and by him indorsed to the plaintiffs without recourse to him. The action was commenced *August* 30, 1836. The general issue was pleaded with a brief statement of the statute of limitations. The plaintiffs relied on a promise within six years, and to prove it, produced a deposition, in which the deponent stated, that he called on the defendant within the six years and requested him to pay the note, and that " Mr. *Mills* did not deny the note. He said, he could not pay it. He said, he was poor and could not pay it." *Emery J.*, presiding at the trial, directed a nonsuit, which was to be set aside and a default entered, if the Court should be of opinion, that the plaintiffs had sufficient testimony to take the note out of the statute.

*Willis* and *Fessenden*, for the plaintiffs, cited *Clementson* v. *Williams*, 8 *Cranch*, 74 ; *Perley* v. *Little*, 3 *Greenl.* 97 ; *Porter* v. *Hill*, 4 *Greenl.* 41 ; 2 *Stark. Ev.* 892 ; *Bangs* v. *Hall*, 2 *Pick.* 368.

*Smith* and *Bradford*, for the defendant, cited *Porter* v. *Hill*, 4 *Greenl.* 41 ; *Deshon* v. *Eaton*, 4 *Greenl.* 413 ; *Perley* v. *Little*, 3 *Greenl.* 97 ; *Miller* v. *Lancaster*, 4 *Greenl.* 159 ; 3 *Bing.* 329 ; 10 *Pick.* 232.

The action was continued, for advisement, and the opinion of the Court afterwards drawn up by

EMERY J. — The suit is upon a note of hand, dated *November* 10, 1828, for $50,57, payable to *John B. Osborne*, or order, in six months and grace. It purports to be indorsed by said *Osborne* without recourse. It is without a witness. On its face it would seem, that in *May*, 1835, the statute of limitations had protected the defendant from liability upon it. But a suit for recovery of it was instituted on the 30th day of *August*, 1836, in the names of

the plaintiffs, against the defendant, and the indorser of the note is produced as a witness to revive the note from the realms of death ; and he says, he called on *William H. Mills* within six years past and requested him to pay the annexed note. Mr. *Mills* did not deny the note. He said he could not pay it. He said he was poor and could not pay it. The note had not been due six years when he called for its payment. Upon being inquired of whether he presented this note to said *Mills*, when he called on him for its payment, he says, I feel very confident that I did. I am not positive that I took it out and showed it to him, but am certain, that the note was in my possession at the time. The witness cannot state when it was. It was in *Portland*, and does not recollect who was present, nor can he tell when it was indorsed. He says, he called on the defendant at the request of the plaintiff, but cannot state whether he received instructions by letter or otherwise ; he was in *Boston* frequently. To the question, was Mr. *Mills* indebted to you at the time you requested payment of the annexed note ? he replies, I cannot say whether he was at that time or not, but since that note was given, said *Mills* owed me about $500. To the interrogatory, how do you recollect it was within six years past you called on Mr. *Mills* to pay the annexed note ? he replies, all I can say in answer is, that I know it is as much as three years *or more* since I made the request. To the question, did he use the words stated in the body of the deposition, that he did not deny the note when you called on him ? Answer, I cannot state that *Mills* so stated. To the question, could Mr. *Mills*, in the conversation you have mentioned, have mistaken the note of which you requested payment ? Answer, *I do not think he possibly could.*

In all this want of precision in the evidence offered, we search in vain for an unequivocal admission of present indebtedness or a promise to pay. And though the defendant declared he was poor and could not pay it, that was insufficient to revive the plaintiff's claim.

It is not to us satisfactory, that the defendant might not possibly have mistaken the demand about which the witness speaks, though he says he does not think he possibly could. There is great room to suppose he might contemplate the $500 note, which he owed the witness, which at some time after the note was given, the wit-

ness says *Mills* owed him and he cannot say whether he owed him at the time he called. This $500 claim was the most recent. From the testimony, there is nothing like certainty that this note was shown to him, though the witness had it in his possession. It does not appear that it was communicated to him that the note was the property of the plaintiffs. An acknowledgement must clearly refer to the very debt in question between the parties. 9 *Cowen*, 674; 15 *Johns. R.* 511. We should not be disposed to go the length of saying, that long dormant claims in all cases have more of cruelty than of justice in them. Nor would we withhold our concurrence with the sentiment, that christianity forbids us to attempt the enforcing of a debt which time and misfortune have rendered the debtor unable to discharge. Leaving Chief Justice *Best* the pleasure of thinking, that if he were sitting in the Exchequer Chamber, he should say, that an acknowledgement of a debt, however distinct, and unqualified, would not take from the party who makes it the protection of the statute of limitations, 3*d Bing.* 329, we should readily say, that according to adjudged cases which we hold in high consideration, there ought to be a revival of the demand by payment of part within six years, or unambiguous admission of present indebtedness, or promise to pay absolute, or conditional, and performance of the condition. 10 *Pick.* 332; 2 *Pick.* 368; 3 *Greenl.* 97, *Perley* v. *Little*; 4 *Greenl.* 159, *Miller* v. *Lancaster*; 4 *Greenl.* 413, *Deshon* v. *Eaton*; 4 *Greenl.* 41, *Porter* v. *Hill.*

Finding nothing of the kind in this evidence, we consider that the nonsuit was rightly directed.

*Nonsuit confirmed.*